Dear Mr. Engolio:
This office is in receipt of your opinion request under facsimile dated January 21, 1993. The request has been assigned to me for research and reply. You raise the following legal question for our resolution:
 "Do the Dual Officeholding and Dual Employment Laws prohibit the simultaneous holding of the position of Probation Officer for the 18th Judicial District Court and the elective office of Justice of the Peace?"
By phone conference with Judge Jack T. Marionneaux of the 18th Judicial District Court, we are advised that your position there as misdemeanor probation officer has recently been created by the court. We are further advised that you responded to an advertisement concerning the position, were interviewed, and hired by the agreement of the judges of the 18th Judicial District Court.
We are of the opinion that this position falls within the judicial branch of state government under LSA-R.S. 42:62(8), which provides:
 "The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal district courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this Paragraph." (Emphasis added).
Your supervision and duties are derived from the court. We are therefore of the opinion that as a probation officer of the 18th Judicial District Court, you hold a position of employment within the judicial branch of state government.
A justice of the peace holds a local elective office within a political subdivision. See LSA-R.S. 42:62(9), defining "political subdivision". We must determine whether an individual may hold local elective office while holding employment within the judicial branch of state government.
We conclude that the simultaneous holding of these positions violates the provisions of the Dual Officeholding and Dual Employment Laws, specifically, LSA-R.S. 42:63(D), which provides in part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." (Emphasis added).
We construe the words "no such person" as referring to a person holding an elective office in a political subdivision of the state, which by statutory definition includes the office of justice of the peace. The law, therefore, prohibits an individual from holding local elective office and employment in the judicial branch of state government. It is our opinion that you may not legally hold employment as a probation officer while serving as justice of the peace.
The opinions of this office are not binding, but are solely persuasive authority. However, please be aware there are civil remedies and penalties under LSA-R.S. 42:65 for violation of the law in this regard.
Should you have further inquiries in which this office may be of assistance, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0189E